IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARK ADAM TURNER,**

Petitioner,

v.                                                      Civil Action No. 5:15cv66

**DAVID BALLARD, Warden,**

Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On May 29, 2015, *pro se* petitioner Mark Adam Turner ("Petitioner") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Docket No. 1). This matter is now pending before the undersigned for initial review and report and recommendation.

### II. Facts

#### A. Conviction

On May 19, 1997, Petitioner was convicted by a jury on three (3) counts of Sexual Assault in the First Degree and three (3) counts of Sexual Abuse in the First Degree. (Docket No. 1 at 2). Petitioner was sentenced to 48-120 years on September 4, 1997. (Id. at 1). Following his sentencing, Petitioner filed an appeal with the West Virginia Supreme Court of Appeals ("WVSCA"). (Id. at 2). His appeal was refused on June 16, 1998.[1] (Id.). Petitioner did not file a petition for certiorari in the United States Supreme Court. (Id. at 3).

#### B. State Habeas Corpus

---

[1] The Pendleton County Circuit Court Criminal Docket Sheet lists the refusal date as June 29, 1998.

Petitioner filed a Writ of Habeas Corpus in Pendleton County Circuit Court on February 12, 2013. (Id.). In that writ, Petitioner raised seventeen (17) grounds:

(1)  Defective Indictment

(2)  Involuntary Guilty Plea

(3)  Mental Competency at Time of Crime

(4)  Mental Competency at Time of Trial

(5)  Consecutive Sentences for Same Transaction

(6)  Coerced Confession

(7)  Unfulfilled Plea Bargain

(8)  Pre-Sentence Investigation Wrong

(9)  Ineffective Assistance of Counsel

(10) Double Jeopardy

(11) No Preliminary Hearing

(12) Non-Disclosure of Grand Jury Minutes

(13) Constitutional Errors in Evidentiary Hearings

(14) Prosecutorial Misconduct

(15) Sufficiency of Evidence

(16) Severer Sentence than Expected

(17) Excessive Sentence

(Id. at 4). Petitioner's habeas petition was denied on January 17, 2014.[2] (Id.). On that same day,

---

[2] A Scheduling Order lists this date as being entered on December 18, 2013. (Case No. 14-0052, Scheduling Order).

Petitioner appealed the circuit court's decision to the WVSCA. On November 25, 2014, the WVSCA affirmed the decision of the circuit court denying the petition for writ of habeas corpus.(Case No. 14-0052; Turner v. Ballard, 2014 WL 6724752 (W. Va. 2014).

### C. Federal Habeas Corpus

Petitioner raises nine (9) grounds for relief in his petition:

(1) "Ineffective Assistance of Counsel:[3]
  1. Failed to ensure the Court held a suppression hearing in regards to Petitioner's Confession. The Court ordered a brief, however, defense counsel did not file one.
  2. Failed to review the video tape of the confession with Petitioner.
  3. Failed by coercing Petitioner into a guilty plea by telling Petitioner that he would not represent him if he wished to proceed with his right to trial.
  4. Failed to investigate claims.
  5. Failed to object to Pre-Sentence investigation Report and 60-Day Evaluation that referred to 'co-defendants' as there were no co-defendants in the case.
  6. Failed to motion for transcripts of Grand Jury minutes as there were two indictments in the case and the one used was in error.
  7. Failed to motion the Court for a Bill of Particulars since the number of counts was 'arbitrarily' chosen.
  8. Failure to brief the Court on the issue of amending the indictment.
  9. Did not motion the Court for Discovery." (Docket No. 1 at 6-7).

(2) "In the Arraignment Hearing, as the Judge was summarizing the indictment, the prosecutor was asked by the Judge if he had a problem in regards to Counts 13 through 24. Mr. Moore, the prosecutor, answered that there was a 'misnomer' in the indictment.

---

[3] Petitioner wrote the circuit court a letter on May 14, 1997 in which he stated that he desired a new counsel. On May 19, 1997, Petitioner entered into a plea agreement. When questioned about the May 14, 1997 letter during his plea hearing, Petitioner informed the court that "he had no objections to his counsel continuing to represent him." Thus, the circuit court proceeded with the plea hearing. (See Case No. 14-0052, Memorandum Decision).

3

> . . . Petitioner still does not know the truth about what was presented to the Grand Jury. . . ." (Id. at 9-10).

(3) ". . . the Court allowed the Plea of Guilty when there was evidence that Petitioner was of borderline intellectual functioning and not able to voluntarily and intelligently enter a Plea of Guilty. The defense attorney told the Petitioner that if he did not take the plea, he would not represent him at trial."[4] (Id. at 12).

(4) "Although there were mental competency evaluations performed, [the evaluations] were incorrect in the facts. Neither the Judge, Prosecutor, and especially the Defense Counsel objected to the erroneous facts of the reports." (Id. at 14).

(5) ". . . Petitioner pled guilty to 3 counts to each alleged victim. All the counts read the exact same and then when the Judge sentenced the Petitioner, he gave him consecutive sentences for the same transaction." (Id. at 16).

(6) "Trooper Trader had visited with the Petitioner at his home on multiple occasions. After speaking with the Petitioner and coercing a confession, the Trooper gave him his Miranda Rights." (Id. at 17).

(7) "At the sentencing hearing, the prosecutor made some unethical, dishonorable, and immoral remarks to inflame the Judge. . . . In addition, the prosecutor admitted that he 'arbitrarily' chose the number of indictments." (Id. at 19).

(8) The "Grand Jury Indictment was allowed to be changed and the Defense Counsel was not allowed to see what was presented to the Grant Jury." (Id. at 20).

(9) "At sentencing, the Judge used the PSI report, the 60-day evaluation, and Dr. Stein's report to sentence the Petitioner. In all three reports, the co-defendants are referred to. The Petitioner has NEVER had any co-defendants involved in his case." (Id. at 23).

For relief, Petitioner asks the Court for an evidentiary hearing, appointment of counsel, for his case

---

[4] In a West Virginia Supreme Court of Appeals Memorandum Decision filed on November 25, 2014, it was stated, "Petitioner underwent a total of three psychological evaluations, none of which indicated that probation would be inappropriate." (See Case No. 14-0052).

to be remanded to the circuit court with instructions, and immediate release. (Id. at 31).

### III. Timeliness

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[5] Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[6] the petitioner had one year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, Petitioner lists twelve (12) dates in his argument that his petition is timely. The dates are as follows:

> "Sentencing: September 4, 1997
> Notice of Intent to Appeal: October 8, 1997
> Appeal Brief Filed: February 2, 1998
> Appeal Refused: June 16, 1998
> Motion for Alternate Sentence (Rule 35(b)): November 24, 1997
> Writ of Habeas Corpus Filed: February 12, 2013
> Writ of Habeas Corpus Denied by Circuit Court: December 18, 2013
> (West Virginia Supreme Court notes January 17, 2004 as the denial date.)
> Notice of Intent to Appeal Filed: January 28, 2014
> WV Supreme Court Affirmed Decision: November 25, 2014
> Circuit Court's Denial of Reconsideration: September 23, 2014
> Notice of Intent to Appeal Filed: October 21, 2014
> Supreme Courts Decision on Reconsideration: Not Decided Yet"

(Docket No. 1 at 30). Because Petitioner only provides dates, his exact argument for timeliness is unclear. However, as discussed more fully below, it is clear that this § 2254 is grossly untimely.

---

[5] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

[6] 28 U.S.C. § 2244(d)(2).

5

Petitioner does not allege that the Government impeded the filing of his § 2254 petition. Additionally, Petitioner does not assert that a new right has been recognized by the Supreme Court and made retroactively applicable. See 28 U.S.C. § 2244(d)(1)(C). Petitioner does not claim that there are any new facts that could have been discovered though the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). Thus, the date on which Petitioner's judgment became final is relevant in determining the statute of limitations.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run one year after the judgment becomes final. A judgement becomes final: (1) when the opportunity to appeal the district court's judgment expires; (2) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction;" or (3) when the United States Supreme Court denies certiorari. United States v. Clay, 537 U.S. 522, 524-25, 32 (2003).

Here, judgment on the Petitioner's conviction was entered on May 19, 1997. (Docket No. 1 at 1). Petitioner appealed his judgment. On June 16, 1998, the WVSCA denied Petitioner's appeal. (Id. at 2). Petitioner did not file a petition for certiorari in the United States Supreme Court. Accordingly, the statute of limitations under § 2244(d)(1)(A) began to run on September 14, 1998. See S. Ct. R. 13 (mandating that a petition for a writ of certiorari to review a judgment be entered within ninety (90) days in order to be considered timely). Petitioner had one year from September 14, 1998 to file a § 2254 petition.

Nonetheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The petitioner's state habeas petition filed on

February 12, 2013, could not toll the one-year limitations period as there was nothing left to toll at that time. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). Consequently, Petitioner filed his petition **sixteen (16) years, eight (8) months, and fifteen (15) days** after the statute of limitations under § 2244 (d)(1)(A) expired.[7]

"When a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation that it is timely based on equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." Hill v. Braxton, 277 F.3d at 707. Accordingly, Petitioner is hereby notified that his section 2254 action will be dismissed as untimely, unless he can demonstrate within the objection period described below, that his petition can be salvaged by § 22441(d)(1) or the principle of equitable tolling.

## IV. Recommendation

For the foregoing reasons, it is recommended that the petition of Mark Adam Turner filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** because it is untimely.

---

[7]The undersigned recognizes that Petitioner filed a Motion for Alternative Sentence on November 24, 1997, which was denied on October 9, 1998. In Wall v. Kholi, 131 S.Ct. 1278 (2011), the Court ruled that the one-year ADEPA clock stops running while a motion for sentence reduction is pending. Accordingly, Petitioner's period for filing a § 2254 was tolled until March 10, 1999, the time within which he could have, but did not, appeal the denial of his Motion. Likewise, Petitioner filed a *pro se* Motion for reconsideration of sentence on February 9, 2006, which was denied on February 10, 2006. While it could be argued that this was another tolling event, by that time the one year period had expired.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Recommendation to Turner by certified mail, return receipt requested, to his last known address as shown on the docket sheet..

Dated: June *15*, 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE