IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK ADAM TURNER,

    Petitioner,

v.                                          Civil Action No. 5:15CV66
                                                        (STAMP)

DAVID BALLARD, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE,
OVERRULING THE PETITIONER'S OBJECTIONS,
DISMISSING THE CIVIL ACTION WITH PREJUDICE
AND DENYING A CERTIFICATE OF APPEALABILITY**

I. <u>Procedural History</u>

The <u>pro se</u>[1] petitioner, an inmate in state court, filed a habeas corpus petition under 28 U.S.C. § 2254 ("§ 2254"). In that petition, he raises nine grounds for relief: (1) ineffective assistance of counsel; (2) lack of transparency as to what was presented to the grand jury; (3) involuntary guilty plea; (4) incorrect mental competency evaluations; (5) receiving consecutive sentences for the same transaction; (6) involuntary confession to the trooper before receiving his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); (7) improper comments made by the prosecutor; (8) additional transparency issues regarding evidence presented to

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1416 (10th ed. 2014)

the grand jury; and (9) reliance by the judge upon an erroneous presentence report. For those reasons, the petitioner requests an evidentiary hearing, the appointment of counsel, and his immediate release.

United States Magistrate Judge John S. Kaull entered a report and recommendation, in which he recommends denial of the petition and dismissal with prejudice of the civil action. ECF No. 2. The magistrate judge points to the untimeliness of the § 2254 petition at issue. In particular, the petitioner had one year from September 14, 1998, to file his petition, which is when his conviction became final. That means his current petition is over sixteen years late, and the limitations period is not tolled. Because of that, the magistrate judge recommended that the petitioner's petition be denied and the civil action be dismissed with prejudice.

The petitioner timely filed objections. ECF No. 4. In his objections, the petitioner argues that the limitations period has been tolled. More specifically, he asserts that he filed a motion to correct or reduce his sentence under Rule 35 of the West Virginia Rules of Criminal Procedure ("Rule 35 motion") in September 1997. He contends that his motion was not ruled upon until September 2014. Because his motion allegedly remained pending throughout that time, the petitioner argues that the

applicable limitations period was tolled.  Therefore, he contends that his petition is timely filed.

## II. Facts

Petitioner was convicted in West Virginia state court on three counts of sexual assault in the first-degree and three counts of sexual abuse in the first-degree.  He received a sentence of 48 to 120 years in September 1997.  After filing an appeal of his sentence, the Supreme Court of Appeals of West Virginia ("West Virginia Supreme Court") refused his appeal.  The petitioner did not file a petition for certiorari to the Supreme Court of the United States.

The petitioner, by counsel, then filed a Rule 35 motion in state court in November 1997.  That motion was denied in October 1998.  Following that motion, the petitioner then filed a pro se Rule 35 motion, which was denied in February 2006.  Later, in February 2013, the petitioner filed a writ of habeas corpus in state court.  The circuit court denied that writ, and that ruling was affirmed by the West Virginia Supreme Court in November 2014.

At issue now is the petitioner's writ of habeas corpus filed under § 2254.  For the reasons set forth below, the magistrate judge's report and recommendation is affirmed and adopted in its entirety.

## III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

## IV. Discussion

A. <u>Timeliness of Habeas Petition Under § 2254</u>

The issue in this civil action is whether the petitioner's § 2254 habeas petition is timely filed. The petitioner asserts, primarily in his objections to the report and recommendation, that his state habeas petition was not decided until September 23, 2014. In support of that argument, the petitioner provides a transcript from an alleged hearing held on September 18, 2014. At that hearing, the petitioner argues that the parties acknowledge that the petitioner's Rule 35 motion from November 1997 remained pending at the time of the hearing. Therefore, the petitioner argues that the statue of limitations for filing his § 2254 habeas petition was tolled until September 23, 2014. If correct, that means that he would have until September 23, 2015 to file his § 2254 habeas petition. <u>See</u> <u>Wall v. Kholi</u>, 562 U.S. 545 (2011). Therefore, the petitioner argues in both his petition and objections that his current § 2254 habeas petition is timely. However, as will be discussed below, the limitations period was not tolled because his

Rule 35 motion from November 1997 was denied on October 9, 1998. Therefore, the limitation period expired in March 2000.

A petitioner has one-year to file a federal habeas corpus petition. 28 U.S.C. § 2244(d) (2012) ("§ 2244"). In particular, that one-year limitation period runs from the latest of the following dates: (1) when the petitioner's judgment became final; (2) when the State action that prevented the petitioner from filing his or her petition was removed; (3) the date on which the Supreme Court of the United States recognized a new constitutional right and makes that right retroactively applicable on collateral review; or (4) "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." Id. at (d)(1)(A-D). The petitioner does not allege that the Government impeded the filing of his petition, that the Supreme Court of the United States recognized a new and applicable constitutional right, or that new facts exist that due diligence could have uncovered. Thus, the only applicable date from which the one-year limitation period may run is from the date his judgment became final. However, that limitation period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect" to that judgment remains pending. Id. at (d)(2).

According to the record, the petitioner's appeal of his sentence was refused on June 16, 1998. He did not file a petition

for certiorari to the Supreme Court of the United States. Therefore, his judgment became final on September 14, 1998. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of a conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). However, in November 1997, the petitioner filed a Rule 35 motion that was decided on October 5, 1998. Therefore, the one-year limitation period was tolled until March 10, 1999. Thus, the limitation period expired on March 10, 2000. The petitioner contends that his Rule 35 motion remained undecided until September 2014. However, the facts show otherwise. Any tolling of that one-year period ended on March 10, 1999. Furthermore, his Rule 35 motion filed in 2006 did not again toll the limitation period. Even if that motion from 2006 tolled the limitation period, the petitioner filed his current § 2254 petition after that limitation period expired. Therefore, the petitioner's § 2254 petition must be denied as untimely.

B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the applicant in a case in which 28

U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability by this district court. The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

## V. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation is AFFIRMED AND ADOPTED. Accordingly, the petitioner's petition is DENIED, the civil action is DISMISSED WITH PREJUDICE, and the petitioner's objections are OVERRULED. The petitioner is DENIED a certificate of appealability by this

district court.  In addition, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.  Furthermore, the Clerk is DIRECTED to make the order from the Circuit Court of Pendleton County, West Virginia denying the petitioner's Rule 35 motion on October 5, 1998, a part of the record, a copy of which is attached to this memorandum opinion and order.

DATED:    July 22, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE